**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mission Wellness Pharmacy, | No.  CV-22-00329-PHX-SPL |
| Petitioner, | |
| vs. | **ORDER** |
| Wellpartner LLC, | |
| Respondent. | |

Before the Court is Petitioner Mission Wellness Pharmacy's ("Petitioner") Motion to File Petition Enforcing Arbitrator's Hearing Subpoena Under Seal (Doc. 1) and Memorandum in Support (Doc. 2) thereof. Petitioner requests that the Court: (i) grant the Motion and order the sealing of Petitioner's Petition to Enforce Arbitrator's Hearing Subpoena (currently lodged at Doc. 3) and (ii) order that all further filings in this case be submitted under seal. For the following reasons, the Motion will be denied.

To overcome the "strong presumption in favor of [public] access," a party seeking to seal a judicial record must articulate justifications for sealing—that is, "compelling reasons supported by specific factual findings"—that outweigh the public policies favoring disclosure. *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006); *see also* LRCiv. 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal."). A court deciding to seal judicial records must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on

1    hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad v. Tragesser*,
2    49 F.3d 1430, 1434 (9th Cir. 1995). "In general, 'compelling reasons' sufficient to
3    outweigh the public's interest in disclosure and justify sealing court records exist when
4    such 'court files might have become a vehicle for improper purposes,' such as the use of
5    records to gratify private spite, promote public scandal, circulate libelous statements, or
6    release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns,
7    Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to
8    a litigant's embarrassment, incrimination, or exposure to future litigation will not, without
9    more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins.
10   Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

11   This Court "generally will not enter an order that gives advance authorization to file
12   documents under seal that are designated for such treatment by parties under a protective
13   order or confidentiality agreement." LRCiv. 5.6(b). Moreover, a party's allegation that
14   certain documents are "confidential" or "business information" does not constitute a
15   compelling reason and is therefore insufficient to justify sealing court records containing
16   such documents. *Krause v. Nev. Mut. Ins. Co.*, No. 2:13-cv-00976-APG-CWH, 2013 WL
17   3776416, at *5 (D. Nev. July 16, 2013) (citing *Kamakana*, 447 F.3d at 1179 and *F.T.C. v.
18   AMG Servs., Inc.*, No. 2:12-cv-536-GMN-VCF, 2012 WL 3562027 (D. Nev. Aug. 15,
19   2012)); *see also Kamakana*, 447 F.3d at 1182 (finding that conclusory statements about
20   the content of documents—that they were confidential—did not rise to level of
21   "compelling reasons").

22   Here, Petitioner asserts that a seal is necessary because the arbitral subpoena
23   Petitioner seeks to enforce contains references to or directly relates to "proprietary [and
24   sensitive confidential] information including contract agreements, payment and
25   remuneration data, and accounting [and financial] documents generated in connection with
26   those activities." (Docs. 1 at 2 & 2 at 2–3). Petitioner provides no additional details nor
27   explanation. This Court finds that Petitioner's position fails to meet the compelling reasons
28   standard because Petitioner has not articulated compelling reasons supported by specific

2

1    factual findings that outweigh the public's right of access. Petitioner's mere references to

2    "proprietary" and "sensitive confidential" information are insufficient to merit sealing the

3    Petition, let alone the entire case. "Thus, the Court finds no reason why the Motion and

4    exhibits (Doc. 1) or the Memorandum in Support [thereof] (Doc. 2) should not be made

5    publicly available in full, with only potentially sensitive information (none of which is

6    presently identifiable to the Court in the documents that are currently lodged) redacted."

7    *Mission Wellness Pharmacy v. Caremark N.J. Specialty Pharmacy LLC*, No. CV-22-

8    00331-PHX-DJH, 2022 WL 657399, at *2 (D. Ariz. Mar. 4, 2022).

9            The Court also finds that Petitioner has failed to comply with the procedures

10   provided by Local Rule of Civil Procedure 5.6(d), including its obligation to confer with

11   Wellpartner LLC, prior to filing its Motion to Seal. That section states,

12               Unless otherwise ordered by the Court, if a party wishes to file
                 a document that has been designated as confidential by another
13               party pursuant to a protective order or confidentiality
                 agreement, or if a party wishes to refer in a memorandum or
14               other filing to information so designated by another party, the
                 submitting party must confer with the designating party about
15               the need to file the document (or proposed filing) under seal
                 and whether the parties can agree on a stipulation seeking to
16               have the document (or proposed filing) filed under seal. If the
                 parties are unable to agree on these issues, the submitting party
17               must lodge the document (or proposed filing) under seal and
                 file and serve a notice of lodging summarizing the parties'
18               dispute and setting forth the submitting party's position,
                 accompanied by a certification that the parties have conferred
19               in good faith and were unable to agree about whether the
                 document (or proposed filing) should be filed under seal.
20               Within fourteen (14) days after service of the notice, the
                 designating party must file and serve either a notice
21               withdrawing the confidentiality designation or a motion to seal
                 and a supporting memorandum that sets forth the facts and
22               legal authority justifying the filing of the document (or
                 proposed filing) under seal. If the designating party seeks to
23               have the document (or proposed filing) filed under seal, the
                 motion must append (as a separate attachment) a proposed
24               order granting the motion to seal. No response to the motion
                 may be filed. If the designating party does not file a motion or
25               notice as required by this subsection, the Court may enter an
                 order making the document (or proposed filing) part of the
26               public record.

27   LRCiv. 5.6(d).

28

                                                    3

1    Accordingly,

2    **IT IS ORDERED** that the Motion to File Petition Enforcing Arbitrator's Hearing

3    Subpoena Under Seal (Doc. 1) is **denied**. Pursuant to LRCiv. 5.6(e), the lodged documents

4    (Doc. 3) will **not** be filed. Petitioner may—within five (5) days of this Order—resubmit

5    their documents for filing in the public record, or, after conferring with Wellpartner LLC

6    in good faith, file a notice of lodging in compliance with LRCiv. 5.6(d).

7    **IT IS FURTHER ORDERED** that the Clerk of Court shall **unseal** this case and all

8    filed documents.

9    Dated this 29th day of March, 2022.

10

11                                          Honorable Steven P. Logan
                                            United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4